```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
NSB U.S. SALES, INC.,               |
                                    |
             Plaintiff,             |
                                    |
    -against-                       |
                                    |
GARY BRILL,                         |
                                    |
             Defendant.             |
------------------------------------X
NSB RETAIL SOLUTIONS, INC.,         |    04 Civ. 9240 (KMW)
                                    |
             Plaintiff,             |            ORDER
                                    |
    -against-                       |
                                    |
KLIGER-WEISS INFOSYSTEMS, INC. and  |
THE ZELLMAN GROUP, LLC,             |
                                    |
             Defendants.            |
------------------------------------X
```

KIMBA M. WOOD, U.S.D.J.:

Currently pending before the Court is Plaintiff's Motion for Relief in Light of Order Violations, dated June 6, 2006.[1] The motion requests an order requiring Defendant Kliger-Weiss Infosystems, Inc. ("KWI") to comply in various particulars with the Court's Consent Order dated December 12, 2005 (the "Consent Order"). For the reasons stated below, the motion is denied.

---

[1] On March 7, 2007, Plaintiff wrote to the Court asking that Defendants' answer and counterclaim be stricken for alleged failure to comply with the discovery timetable in the Court's order of January 26, 2007 (the "Contempt Order"). By letter dated March 14, 2007, Defendants stated that they have now complied with the Contempt Order.
    The Court has referred this matter to Magistrate Judge James C. Francis IV for general pretrial purposes, which include discovery-related disputes. If Plaintiff believes that Defendants have not yet complied with the Contempt Order, it may apply to Magistrate Judge Francis for appropriate relief.

1

**I.     Motion to Require Reports**

Plaintiff first requests an order requiring KWI to furnish detailed reports on its sub-licensing of Plaintiff's software products.  The Consent Order stated, "[F]or all times up until Final Judgment is entered in this action (hereafter, the 'Pendente-Lite Period'), KWI shall furnish reports to NSB within 15 days of the end of each calendar month during the Pendente-Lite Period."  (Cooke Aff., Ex. A, at 3, June 6, 2006.)  Plaintiff alleges that KWI has been delinquent in complying with this order, filing some reports later than the 15th day of the month.  (Id. ¶¶ 8-13.)  KWI, however, avers that it has made "commercially reasonable" efforts to comply with the reporting requirement.  (Kliger Aff. ¶ 9.)

Plaintiff's motion is denied.  Plaintiff has not asserted that it has suffered any prejudice from the timing of KWI's reports.  (See, e.g., Cooke Aff. ¶ 11, June 6, 2006 (complaining of seven-day delay); id. ¶ 12 (complaining of five-day delay).)  The resolution of such a dispute is not a reasonable use of Court resources.

**II.    Motion to Remit Funds**

Second, Plaintiff requests an order requiring KWI to remit to Plaintiff all "unilateral discounts" taken by KWI in excess of 14.1% of the parties' gross balance, as allegedly agreed in the

Consent Order. The Consent Order, however, does not specify any particular percentage discount to which KWI is entitled; indeed, it makes no mention of discounts whatsoever. Rather, it directs the parties to "confer and seek to agree on the additional amounts to be paid to NSB," and states that if the parties cannot agree, they may apply to the Court for relief. (Id., Ex. A, at 3.) Because the Consent Order is silent with respect to discounts, the motion is denied.

### III. Motion to Prohibit Further Sub-Licensing

Finally, Plaintiff requests an order prohibiting KWI from engaging in further sub-licensing of Plaintiff's software products while this action is pending. Plaintiff allegedly seeks this relief on the basis of the Consent Order, but it has stated no reason why it is legally entitled to such relief or why the Consent Order requires it. The motion is therefore denied.

### CONCLUSION

For the reasons stated above, Plaintiff's Motion for Relief in Light of Order Violations (docket number 28) is DENIED.

SO ORDERED.
Dated:   New York, New York
         July 13, 2007

                                    _____
                                    Kimba M. Wood
                                    United States District Judge